ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| ROSA ISELA CRUZ SÁNCHEZ Y OTROS<br>Recurridos<br><br>v.<br><br>TRANS-OCEANIC LIFE INSURANCE COMPANY Y OTROS<br>Peticionarios<br>_____<br><br>DALITZA LUGO SOLER Y OTROS<br>Recurridos<br><br>v.<br><br>TRANS-OCEANIC LIFE INSURANCE COMPANY Y OTROS<br>Peticionarios<br>_____<br><br>LUVY ANN ROLDÁN GONZÁLEZ Y OTROS<br>Recurridos<br><br>v.<br><br>TRANS-OCEANIC LIFE INSURANCE COMPANY Y OTROS<br>Peticionarios<br>_____<br><br>ZORAIDA MÉNDEZ CARRERO Y OTROS<br>Recurridos<br><br>v.<br><br>TRANS-OCEANIC LIFE INSURANCE COMPANY Y OTROS<br>Peticionarios<br>_____<br><br>SANDRA MONSEGUR SUÁREZ Y OTROS<br>Recurridos<br><br>v.<br><br>TRANS-OCEANIC LIFE INSURANCE COMPANY Y OTROS<br>Peticionarios | KLCE202500321 | Recurso de *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm.<br>D AC2009-1225 consolidado con D AC2009-2359; D AC2011-0150; D AC2010-3935 y D AC2019-0008<br><br>Sobre: Incumplimiento de contrato, cobro de dinero, daños y perjuicios |

Número Identificador

RES2025_____

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y la Juez Barresi Ramos.

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 12 de mayo de 2025.

Comparece Universal Life Insurance Company (Universal o peticionario) y nos solicita la revocación de una *Resolución* notificada el 26 de febrero de 2025, por el Tribunal de Primera Instancia, Sala Superior de Bayamón (TPI o foro primario). En esta, el foro primario denegó una moción de desestimación promovida por Universal, Trans Oceanic Life Insurance Co. (TOLIC), así como Touma & Taveras, Inc. (T&T) contra Seguros Yasmín Belén & Asociados, Inc. (Seguros Yasmín Belén).

Por los fundamentos que se exponen a continuación, denegamos la expedición del auto de *certiorari.*

**I.**

En apretada síntesis, el extenso pleito de epígrafe versa sobre las alegaciones de agentes de seguros que, (mediante demandas independientes de epígrafe que, luego fueron consolidados), reclamaron el pago por concepto de comisiones de pólizas, así como, los remedios correspondientes por incumplimiento de contrato, interferencia torticera, además, por daños y perjuicios.[1]

Atinente a la causa presentada, nos limitaremos a los asuntos procesales y sustantivos relacionados a la causa de acción incoada por Seguros Yasmín Belén, así como, los señalamientos del peticionario, en aras de determinar si procede la intervención de esta Curia sobre la determinación interlocutoria recurrida.

Seguros Yasmín Belén junto a la señora Sandra Monsegur Suárez, la señora Evelyn B. Hernández González, la señora María I. Vale Cintrón, la señora Jesamine Santana Rosa, la señora Iris

---

[1] Apéndice, págs. 8-24, Demanda Enmendada.

Yolanda Otero Carmona,[2] el señor Sigfredo Rodríguez Martínez, la señora Erika Maldonado Rodríguez y la sociedad compuesta por estos últimos, incoaron la referida demanda contra Universal, TOLIC y T&T.[3] De las alegaciones surge que, Seguros Yasmín Belén es una corporación autorizada por las leyes de Puerto Rico y la Oficina del Comisionado de Seguros de Puerto Rico a contratar seguros como agente general. Además, en la demanda se informó que, Seguros Yasmín comparece como sucesora de Belén & Pagán Insurance Agency, Inc. En la demanda se expuso que, a partir de 13 de octubre de 1999, los demandantes fueron contratados por Universal como agentes de seguros o gerentes generales para solicitar y ofrecer a través de estos o de sus subagentes, pólizas de seguros de cáncer, enfermedades temidas y accidentes, sujeto a los términos y condiciones estipuladas con Universal. Se detalló que, las obligaciones contractuales se cumplieron por las partes hasta marzo de 2008 cuando Universal notificó la transferencia de la cartera de pólizas de cáncer y de enfermedades temidas a TOLIC. Indicaron que, las aseguradoras no cumplieron con la obligación de pago por concepto de comisiones.

Expusieron que, el contrato con Universal garantizaba su derecho propietario sobre las comisiones y sobrecomisiones reclamadas, sin embargo, Universal realizó la referida transacción de venta sin el consentimiento de ellos como acreedores de lo adeudado. A su entender, TOLIC asumió igual responsabilidad ante ellos al suscribir el *Contrato de Cesión y Compraventa* para la transferencia de la referida cartera de pólizas de seguros.

Universal acreditó su contestación a la demanda, así como una reconvención. Además, presentó una demanda de coparte

---

[2] El 14 de febrero de 2022, el TPI dictó *Sentencia Parcial* autorizando el desistimiento de Iris Yolanda Otero Carmona.
[3] Presentado bajo el caso civil núm. K AC2017-0444 y tras la consolidación se le asignó el número D AC2019-0008.

contra TOLIC y T&T, el 18 de diciembre de 2018. En esencia, Universal negó las alegaciones y planteó que, para cerrar una línea de negocios, como son las pólizas de cáncer y enfermedades temidas, no tenía que solicitar autorización o consentimiento a los más de 200 agentes de seguros que formaban su fuerza de ventas. Entre múltiples expresiones, indicó que, preparó cheques para que TOLIC hiciera entrega a los agentes, pero TOLIC condicionó su aceptación de la deuda y así la entrega de los cheques en concepto de pagos a dichos agentes de seguros, respectivamente. En cuanto a Seguros Yasmín Belén, Universal aceptó que, todos los demandantes, excepto Seguros Yasmín Belén, quien se identificó como sucesora en interés de Belén & Asociados, y quien fuera un agente directo de Universal, se desempeñaron como agentes de seguro de Tacher Insurance & Associates.

De otra parte, tanto TOLIC como T&T, acreditaron sus respectivas alegaciones responsivas, en las cuales, negaron las alegaciones en su contra. A su vez, instaron sus respectivas reconvenciones.[4] Además, TOLIC instó una demanda contra la coparte, Universal, el 29 de junio de 2021[5] y, así, Universal respondió mediante *Contestación a Reconvención de TOLIC a la Demanda Enmendada contra coparte de ULICO*, el 1 de junio de 2022.[6] En esencia, TOLIC destacó que, Universal garantizó la corrección y procedencia de las cancelaciones y relevó a TOLIC de toda responsabilidad frente a terceros. Además, resaltó que los agentes no pueden reclamar derechos al pago de comisiones y/o de sobrecomisiones de renovaciones de pólizas sin cumplir primero con los requisitos estatutarios que impone el Código de Seguros de

---

[4] Apéndice págs. 116-174, *Contestación a la Demanda Enmendada en el caso de Sandra Monsegur Suárez, et al v. TOLIC, et al; y Reconvención instada por TOLIC.* Apéndice, págs. 172-192, *Contestación a la Demanda Enmendada y Reconvención contra los demandantes en el caso de Sandra Monsegur v. Trans-Oceanic Life Ins. Co. (DAC2019-0008)* presentada por T&T.
[5] Apéndice, págs. 195-211.
[6] Apéndice, págs. 213-241.

Puerto Rico. Por su parte, T&T destacó que no tiene relación contractual con Universal, por lo que su participación ha sido en los acuerdos contractuales con TOLIC para colaborar en el diseño y mejoramiento de los productos de pólizas de cáncer y planes suplementarios de salud, entre otros.

Atinente al recurso ante nos, y luego de múltiples incidencias procesales que resultan innecesarias pormenorizar, el 17 de septiembre de 2024, Universal, TOLIC, así como T&T, presentaron una *Moción conjunta de desestimación por falta de jurisdicción sobre reclamos de la demandante Seguros Yasmín Belén & Asociados, Inc.*[7]

En su petitorio argumentaron que, Seguros Yasmín Belén nunca tuvo contrato con ninguna de las tres entidades jurídicas, por lo que, procede la desestimación de las causas por falta de legitimación activa. Particularizaron que, las comisiones en controversia fueron gestionadas por Belén & Pagán Insurance Agency, Inc. A pesar de que Seguros Yasmín Belén, es la sucesora en interés de Belén & Pagán Insurance, no existe contrato que transfiera el supuesto derecho a levantar reclamaciones en este caso. Además, Belén & Pagán Insurance fue disuelta en el 2008, por lo que, no incoó la demanda de epígrafe y no transfirió sus derechos porque Seguros Yasmín Belén no es dueña sucesora de la causa de acción.[8] Para sustentar su postura, consignaron listas de hechos que alegadamente surgen de la demanda enmendada del 20 de marzo de 2017, dos hechos estipulados y siete hechos susceptibles de tomarse conocimiento judicial.[9]

---

[7] Apéndice, pág. 248-258.

[8] Apéndice, págs. 259-296. Junto a su escrito incluyeron los siguientes documentos: Anejo 1-Registro de Corporaciones del Departamento de Estado de Puerto Rico de Belén & Pagán Insurance Agency, Inc.; Anejo 2-Registro de Corporaciones de Belén & Pagán Insurance Agency Inc. disuelta; Anejo 3-Informe Anual de 2008 de Belén & Pagán Insurance Agency, Inc.; Anejo 4-Deposición de la señora Yasmín Belén Carrillo y Anejo 5-Registro de Corporaciones del Departamento de Estado de Puerto Rico.

[9] Apéndice, págs. 250-252.

Basado en lo antes, solicitaron la desestimación de la demanda interpuesta por Seguros Yasmín Belén por falta de legitimación activa.

En reacción, los recurridos presentaron el 13 de noviembre de 2024, una *Moción en oposición a moción conjunta de desestimación por falta de jurisdicción sobre los reclamos de la demandante Yasmín Belén & Asociados, Inc.*[10] Argumentaron que, no procede disponer de la causa al amparo de la Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2, y mucho menos al amparo de la Regla 36 de Procedimiento Civil, *supra.* Ello, por entender que, los peticionarios intentaron promover su moción dispositiva al amparo de la Regla 10.2, *supra*, con prueba extrínseca. Destacaron que, al tomar como ciertas las alegaciones de la demanda enmendada surge que, Belén & Pagán Insurance Agency tiene derecho a un reclamo, toda vez que, de las propias alegaciones surge que sostuvo un contrato con Universal. De igual forma, al dar por cierta la transferencia del derecho de crédito a favor de Seguros Yasmín Belén se establece, así que, dicha entidad jurídica tiene derecho a reclamar los intereses de Belén & Pagán Insurance Agency Inc. Ello, por entender que, la cesión de un derecho de crédito de una corporación a otra entidad jurídica no requiere una forma o procedimiento específico. En la alternativa, argumentaron que, tampoco procedería adjudicar el petitorio, conforme la Regla 36, *supra*, porque el TPI "ha expresado en varias ocasiones que en este caso no deben presentarse mociones de sentencia sumaria, siendo la ley del caso."[11] Además, por entender que, los promoventes del petitorio sumario no cumplieron las formalidades que exige la Regla 36, *supra*, y su normativa interpretativa.[12]

---

[10] Apéndice, págs. 298-311.
[11] Apéndice págs. 298-299.
[12] Apéndice, pág. 317. La parte demandante solicitó prórroga para presentar mociones de sentencia sumaria, el 23 de noviembre de 2022, y el TPI lo denegó mediante orden notificada en autos el 12 de enero de 2023. Así las cosas, las

Evaluadas las mociones de las partes, el TPI declaró sin lugar la *Moción conjunta de desestimación por falta de jurisdicción sobre reclamos de la demandante Seguros Yasmín Belén & Asociados Inc.* En particular consignó lo siguiente:

> [...] Es harto conocido las órdenes dadas en este caso, por razones de economía procesal, de la no-permisión de escritos basados en la Regla 36 antes citada.
>
> Por otro lado, si la cesión de crédito de la demandante reclamante Seguros Yasmín Belén & Asociados Inc. fue uno acaecido conforme a derecho, es de por sí un hecho que requiere de un desfile de prueba para poder determinarse por el Tribunal en su día.
>
> Por lo antes expresado, porque las alegaciones fácticas bien hechas al respecto de una Petición de Desestimación presentada a tenor con la Regla 10.2(5) de Procedimiento Civil, se tienen que tomar por ciertas, no procede, antes de un desfile de prueba al efecto, que se desestime la reclamación incoada por la codemandante Seguros Yasmín Belén & Asociados, Inc. en autos, por falta de legitimación activa, *Dorante v. Wrangler of P.R.*, 145 DPR 408 (1998); *Torres Capeles v. Rivera Alejandro*, 143 DPR 300 (1997). [...].[13]

Inconforme, Universal acude ante nos y señala la comisión de los siguientes errores, a saber:

> Erró el TPI al no desestimar la reclamación de Seguros Yasmín Belén por esta carecer de legitimación activa siendo esta una cuestión jurisdiccional de umbral a adjudicarse antes de entrar a los méritos de la reclamación.
>
> Erró el TPI al no desestimar la reclamación de Seguros Yasmín Belén al ser las alegaciones la demanda enmendada insuficientes en cuanto a demostrar legitimación activa.
>
> Erró el TPI al descartar la prueba presentada con la Moción de desestimación la que puede considerarse bajo la Regla 10.2 de Procedimiento Civil por ser esta una moción dispositiva basada en falta de jurisdicción por ausencia de legitimación activa de la parte reclamante.
>
> Erró el TPI al no considerar la moción de desestimación como una de sentencia sumaria según permitido por la Regla 10.2 de las de Procedimiento Civil y desestimar la reclamación de Seguros Yasmín Belén ya que los hechos incontrovertidos demuestran la falta de legitimación activa de dicha parte.

En cumplimiento con nuestra *Resolución* emitida el 2 de abril de 2025, la parte recurrida acreditó su *Escrito en Oposición a Petición de Certiorari*, el 28 de abril de 2025. Con el beneficio de las comparecencias de las partes, procedemos a resolver.

---

partes acreditaron un segundo informe enmendado de conferencia con antelación al juicio.
[13] Apéndice, pág. 5.

## II.

### A. Certiorari

El recurso de *certiorari* es un auto procesal extraordinario por el cual un peticionario solicita a un tribunal de mayor jerarquía que revise y corrija las determinaciones de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194, 207 (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 846-847 (2023). Es norma reiterada que, una resolución u orden interlocutoria, contrario a una sentencia, es revisable ante el Tribunal de Apelaciones mediante auto de *certiorari. Rivera et al. v. Arcos Dorados et al.,* supra. A diferencia del recurso de apelación, el tribunal revisor tiene la facultad de expedir el auto de *certiorari* de manera discrecional. *Torres González v. Zaragoza Meléndez,* supra.

Por su parte, la Regla 52.1 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, limita la facultad que tiene el foro apelativo intermedio para revisar las resoluciones u órdenes interlocutorias que emite el foro primario. *Caribbean Orthopedics v. Medshape, et al.*, 207 DPR 994 (2021). Esa regla establece que el recurso de *certiorari* solo se expedirá cuando se recurra de una resolución u orden bajo remedios provisionales de la Regla 56, *injunctions* de la Regla 57 o de la denegatoria de una moción de carácter dispositivo. *Torres González v. Zaragoza Meléndez,* supra.

No obstante, la citada Regla 52.1, también dispone que el tribunal apelativo, en su ejercicio discrecional y por excepción, podrá expedir un recurso de *certiorari* cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, en asuntos relacionados a privilegios evidenciarios, en casos de anotaciones de rebeldía, en casos de relaciones de familia, en casos revestidos de interés público o en cualquier otra situación en la que esperar a una apelación constituiría un fracaso irremediable a la justicia. *Íd.* El delimitar la revisión a instancias

específicas tiene como propósito evitar las "dilaciones innecesarias, el fraccionamiento de causas y las intervenciones a destiempo." *800 Ponce de León v. AIG,* 205 DPR 163, 191 (2020).

Por otro lado, el examen que hace este Tribunal previo a expedir un auto de *certiorari* no se da en el vacío ni en ausencia de otros parámetros. *Torres González v. Zaragoza Meléndez,* supra. A esos efectos, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, señala los criterios que debemos tomar en consideración al evaluar si procede expedir el auto de *certiorari. BPPR v. SLG Gómez-López,* 213 DPR 314 (2023). La citada regla dispone:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

El foro apelativo debe ejercer su facultad revisora solamente en aquellos casos en los cuales se demuestre que el dictamen emitido por el foro de instancia es arbitrario o constituye un exceso de discreción. *Íd.*

**B. Regla 10.2(5) de Procedimiento Civil y la Sentencia Sumaria**

La Regla 10.2 de Procedimiento Civil, *supra,* viabiliza que un demandado solicite la desestimación de la causa de acción en su contra, antes de contestarla, si de las alegaciones de la demanda surge claramente que alguna de las defensas afirmativas prosperará. *Eagle Security Police, Inc. v. Efrón Dorado, S.E. y otros*, 2023 TSPR 5, resuelto el 20 de enero de 2023. Particularmente, la Regla 10.2, *supra*, enumera las siguientes defensas:(1) falta de jurisdicción sobre la materia; (2) falta de jurisdicción sobre la persona; (3) insuficiencia del emplazamiento; (4) insuficiencia del diligenciamiento del emplazamiento; (5) dejar de exponer una reclamación que justifique la concesión de un remedio; y (6) dejar de acumular una parte indispensable. Regla 10.2 de Procedimiento Civil, *supra.*

Ante una solicitud de desestimación bajo el inciso (5) de la citada Regla 10.2 de Procedimiento Civil, el tribunal ha de tomar como ciertos todos los hechos claros y concluyentes, bien alegados en la demanda. *Casillas Carrasquillo v. ELA,* 209 DPR 240 (2022). Asimismo, el tribunal deberá evaluar si la demanda es suficiente para constituir una reclamación válida, luego de interpretar las alegaciones, conjunta y liberalmente, de la forma más favorable a la parte demandante, y resolviendo toda duda a su favor. *Íd.*

Cabe destacar que, la desestimación de una demanda no procede, a menos que se desprenda con toda certeza que el demandante no tiene derecho a remedio alguno bajo cualquier estado de hechos que pueda ser probado en apoyo a su reclamación. *Eagle Security Police, Inc. v. Efrón Dorado, S.E. y otros*, supra. En ese sentido, nuestro más Alto Foro ha establecido que, una solicitud de desestimación al amparo de la Regla 10.2 de Procedimiento Civil, *supra,* va dirigida a los méritos de la controversia, no a aspectos

procesales del caso. *Íd*. La Regla 10.2 (5) de Procedimiento Civil, 32 L.P.R.A. Ap. V, dispone, en lo pertinente, lo siguiente:

> […]Si en una moción en que se formula la defensa número (5) se exponen materias no contenidas en la alegación impugnada, y éstas no son excluidas por el tribunal, la moción deberá ser considerada como una solicitud de sentencia sumaria y estará sujeta a todos los trámites ulteriores provistos en la Regla 36 de este apéndice hasta su resolución final, y todas las partes deberán tener una oportunidad razonable de presentar toda materia pertinente a tal moción bajo dicha regla.

Como puede observarse una moción de desestimación a tenor con la Regla 10.2 (5) puede convertirse a una solicitud al amparo de la Regla 36 de Procedimiento Civil, 32 L.P.R.A., Ap. V, R. 36. El Tribunal Supremo se expresó sobre este asunto procesal en el caso *Unión Independiente Auténtica v. Santander Securities LLC y otros,* 2024 TSPR 81, resuelto el 19 de julio de 2024; *Torres Capeles v. Rivera Alejandro* 143 DPR 300 (1997). Conforme a ello, la conversión puede ocurrir cuando cualesquiera de las partes someten materia que no formó parte de las alegaciones tales como deposiciones, admisiones, certificaciones y contestaciones a interrogatorios. El tribunal tiene plena discreción para aceptar o no la materia evidenciaria que se acompaña. Esta discreción normalmente la ejerce tomando en consideración si la materia ofrecida y la conversión subsiguiente facilitarían o no la disposición del asunto ante su consideración. Si de la materia ofrecida surge que el caso no se debería despachar sumariamente y que para su resolución se debería celebrar una vista en su fondo el tribunal denegaría tanto la conversión de la moción de desestimación en una de sentencia sumaria, como la concesión de la desestimación. También es importante destacar que un demandado tiene que demostrar que, con toda certeza el demandante no tiene derecho a remedio alguno aun interpretando la demanda de la manera más liberal posible a su favor. Ahora bien, esta doctrina se aplica solamente a los hechos bien alegados y expresados de manera clara y concluyente, que de

su faz no den margen a dudas. *Pressure Vessels P.R. v. Empire Gas P.R.* 137 DPR 497 (1994).

**III.**

Nos corresponde resolver, en esta etapa de los procedimientos, si el foro primario actuó arbitrariamente o en exceso de su discreción al negarse a desestimar la causa instada por Seguros Yasmín Belén. Solo así, podremos expedir el auto de *certiorari* presentado por los peticionarios e intervenir con dicho dictamen. Los estándares de revisión antes expuestos marcan los parámetros para los foros apelativos revisar las decisiones del Tribunal de Primera Instancia.

Con esta premisa conceptual establecida, ciertamente corresponde al peticionario acreditar ante esta Curia, los fundamentos adecuados y fehacientes que permitan determinar si el foro primario rebasó los parámetros legales o no tomó en cuenta adecuadamente el derecho aplicable, así como, los factores o criterios establecidos en la normativa antes expuesta.

Hemos examinado sosegadamente el recurso ante nos, así como el derecho aplicable y concluimos que, los peticionarios no nos han puesto en posición de determinar que, el foro primario haya actuado de forma arbitraria o en exceso de su discreción al denegar la moción de desestimación según presentada, en esta etapa de los procesos. Colegimos que, el foro primario específicamente no convirtió como tampoco acogió la moción de desestimación instada, como una solicitud de sentencia sumaria. Ello, porque a pesar de expresar que el escrito presentado conforma una petición de sentencia sumaria, el foro primario indicó que como parte del manejo del caso establecido no se permite la presentación de escritos basados en la Regla 36, *supra.* De todas formas y según nuestro examen *de novo* de la moción, según presentada, colegimos

que, tampoco cumplió con los requisitos dispuestos en la Regla 36, *supra,* y la normativa antes expuesta.

Los promoventes de la moción dispositiva no presentaron propuestas de hechos incontrovertidos en párrafos enumerados. Incluyeron distintas listas por separado. Consignaron una lista de alegaciones de una demanda radicada el 20 de marzo de 2017, que calificaron como hechos las cuales no corresponden a la Demanda Enmendada presentada el 31 de enero de 2018, copia de la cual fue incluida en el apéndice.[14] Solicitaron al foro primario que, tomara conocimiento judicial de ciertos documentos incluyendo un extracto de una deposición tomada a la señora Yasmín Belén Carrillo, quien presuntamente se expresó sobre asuntos relacionados a Belén & Pagán Insurance Agency y Seguros Yasmín Belén Insurance Agency junto a otra lista de alegados hechos. En cuanto los dos hechos consignados como hechos estipulados, los peticionarios indicaron que corresponden a los hechos estipulados #92 y #56, sin identificar el documento o anejo del cual surjan las alegadas estipulaciones de hecho.

Por consiguiente, y luego de evaluar el petitorio *de novo*, estando sujeta a los trámites y disposiciones provistos en la Regla 36, *supra,* no procedía acoger la misma como una petición de sentencia sumaria por no cumplir con los requisitos dispuestos. Añádase a ello que, el foro primario destacó que, como parte de su manejo del caso, no permitiría mociones de sentencia sumaria en esta etapa de los procedimientos. No obstante, lo anterior, el TPI consignó que luego de justipreciar las posturas de las partes permanecía una controversia medular sobre si la cesión de crédito de la demandante reclamante Seguros Yasmín Belén fue uno

---

[14] Apéndice págs. 8-24. A modo de ejemplo la alegación número 5 que aparece citada en la moción no corresponde a la alegación número 5 de la Demanda Enmendada que obra en nuestro expediente. De hecho, observamos que, la alegación que se incluye en la moción refleja un argumento sobre la suficiencia de la alegada transferencia de derecho de crédito.

acaecido conforme a derecho que requiere de un desfile de prueba para poder determinarse por el Tribunal en su día.

En la alternativa y como se puede apreciar, el foro primario determinó que, las alegaciones de Seguros Yasmín Belén resultaban suficientes conforme permite la Regla 10.2(5), *supra,* y la jurisprudencia aplicable, para autorizar la continuación de los procesos y destacó que, en su día permitirá la presentación de la prueba necesaria para dilucidar el planteamiento sobre legitimación activa.

Por ello y tras realizar la debida evaluación del recurso presentado por Universal, al amparo de los criterios establecidos para que esta Curia expida un auto de *certiorari* bajo la Regla 40 de nuestro Reglamento, *supra,* no encontramos indicio de que el foro recurrido haya actuado de forma arbitraria, caprichosa, haya abusado al ejercer su discreción, o cometido algún error de Derecho, por lo que, resolvemos que no procede nuestra intervención con la determinación recurrida en esta etapa de los procesos.

**IV.**

Por los fundamentos que anteceden, denegamos la expedición del auto de *certiorari* según presentado.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones